# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7629 | DATE | 3/21/2003 |
| CASE TITLE | MARSHAN T. ALLEN vs. KENNETH BRILEY, WARDEN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 4/15/03 is stricken. Enter Memorandum Opinion And Order. Allen's habeas petition was not filed within the applicable statute of limitations. Furthermore, Allen has not established cause to excuse his untimely petition. Accordingly, Allen's habeas petition is dismissed as untimely.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 2 4 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 18 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARSHAN T. ALLEN, )
 )
 Petitioner, )
 )  No. 02 C 7629
 v. )
 )  Judge John W. Darrah
KENNETH BRILEY, Warden, )
 )
 Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner, Marshan T. Allen ("Allen"), seeks a writ of habeas corpus against the Stateville Correctional Center Warden, Kenneth Briley ("Respondent"), pursuant to 28 U.S.C. § 2254. Allen raises nine grounds for relief: (1) ineffective assistance of appellate counsel for failing to raise, on direct appeal, the denial of Allen's motion to quash arrest and suppress evidence; (2) ineffective assistance of trial counsel for failing to object and preserve, in a post trial motion, that the state knowingly elicited and allowed perjured testimony; (3) ineffective assistance of trial counsel for failing to present available evidence and ineffective appellate counsel for failing to raise this issue on appeal; (4) ineffective assistance of trial counsel for failing to interview and call four witnesses; (5) ineffective assistance of counsel for admitting Allen's guilt to home invasion and ineffective assistance of appellate counsel for failing to raise this issue on appeal; (6) ineffective trial counsel for failing to object or move to have Allen's inculpatory statement suppressed and ineffective assistance of appellate counsel for failing to appeal this issue; and (7) denial of a fair trial based on the trial court's denial of Allen's motion to suppress. Presently before the Court is Respondent's Motion to Dismiss on grounds of untimeliness.

18

# HISTORY

In August 1994, Allen was convicted, by a jury, of two counts of first degree murder and one count of home invasion. On August 23, 1994, Allen was sentenced to two concurrent terms of natural life imprisonment without parole. On direct appeal to the Illinois Supreme Court, the judgment was affirmed. *People v. Allen*, No. 1-94-3443 (1996) (unpublished order pursuant to Supreme Court Rule 23). On October 1, 1997, Allen's Petition for Leave to Appeal in the Illinois Supreme Court was denied.

On April 20, 1998, Allen filed an "amended" petition for relief under the Post-Conviction Hearing Act. Allen requested that the court permit him to amend his petition of March 16, 1998. The post-conviction court summarily dismissed the petition, finding that it was untimely and, if it was timely, that the allegations within the petition were barred under the doctrine of *res judicata* and waiver. A notation in the ruling reflected that no other post-conviction petition had been received by the court or the State's Attorney's office.

Allen appealed the denial of his post-conviction petition. The State Appellate Defender was appointed to represent Allen. Appellate counsel filed a motion pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), based on counsel's conclusion that an appeal would be frivolous. Allen filed a *pro se* response, objecting to counsel's action and assessment of the case. On September 7, 1999, the Appellate Court found that Allen did not file his petition within the statutorily mandated time limitations, nor did he set forth facts to show that his tardiness was not due to his culpable negligence. Furthermore, even if the untimeliness was excused, Allen would not be entitled to the relief requested because his claims were foreclosed under the doctrines of *res judicata* and waiver. *People v. Allen*, No. 1-98-2925 (1999) (unpublished order pursuant to Supreme Court Rule 23).

Allen filed a Petition for Leave to Appeal in the Illinois Supreme Court, which was denied on February 2, 2000.

On June 5, 2000, Allen filed a *pro se* petition for relief from judgment. On August 18, 2000, the trial court dismissed the petition as non-meritorious. On September 6, 2000, Allen filed a *pro se* motion for reconsideration and for leave to file a supplemental petition. On October 13, 2000, the trial court considered the matter as a post-conviction petition and dismissed the matter as frivolous and patently without merit.

Allen appealed to the First District Illinois Appellate Court. Allen's appointed appellate counsel moved to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987) (*Finley*), based on counsel's conclusion that an appeal would be frivolous. On January 22, 2002, the appellate court allowed the *Finley* motion, finding no issues of arguable merit. On May 30, 2002, the Illinois Supreme Court denied Allen's Petition for Leave to File in the Illinois Supreme Court.

While the above appeal was pending, Allen filed another motion for reconsideration and leave to supplement his post-conviction petition. The trial court treated this motion as a third post-conviction petition and found that the denial of Allen's request to open or amend his post-conviction petition did not require a written order and that the issues raised in the petition were either raised or could have been raised earlier. The trial court denied Allen's motion.

Allen appealed this denial to the First District Illinois Appellate Court. Allen's appellate counsel filed a motion to withdraw pursuant to *Finley* based on counsel's conclusion that an appeal would be frivolous. On April 15, 2002, the appellate court allowed the motion. On October 2, 2002, the Illinois Supreme Court denied Allen's Petition for Leave to Appeal in the Illinois Supreme Court.

On October 7, 2002, Allen filed the instant petition. Respondent argues that Allen's petition

3

is untimely because the statute of limitations on that petition had ran under 28 U.S.C. § 2244(d)(1). Respondent also argues that Allen's post-conviction petition did not toll the statute of limitations under § 2244(d)(2) because Allen's post-conviction petition was untimely.

## ANALYSIS

Section 2244(d)(1) provides that:

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

"[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214 (2002).

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal citations and footnote omitted); *see also Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002) (*Gray*) (affirming dismissal of habeas petition based on untimeliness). "If the petitioner failed to comply with an adequate and independent rule of state

procedure, and he cannot show cause and prejudice in connection with his failure to do so, then federal habeas corpus relief is not available." *Gray*, 305 F.3d at 779 citing *Stewart v. Smith*, ___ U.S. ___, 122 S.Ct. 2578 (2002).

In the instant case, Allen's Petition for Leave to Appeal was denied by the Illinois Supreme Court on October 1, 1997. Allen's judgment became final ninety days later, on December 29, 1997, when the time to file a petition for *certiorari* to the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002). Accordingly, the one-year statute of limitations for the filing of a federal habeas petition began to run on December 29, 1997. *See Gray*, 305 F.3d at 779. If the time is not tolled, Allen was required to file any federal habeas petition on or before December 29, 1998.

Allen's first post-conviction petition was dismissed by the trial court because the post-conviction petition was untimely. The appellate court affirmed the dismissal based on untimeliness.

Allen argues that the state and appellate court did not clearly and expressly state that it was considering the merits only in the alternative and that, therefore, his petition was properly filed. Allen's argument lacks merit.

In this case, the state and Illinois Appellate Court gave two reasons for their decisions: untimeliness and lack of merit. There is nothing ambiguous in the rulings. The courts were offering dual grounds of the denial of the petition. In a recent decision under almost identical facts as the instant case, the Seventh Circuit held that, when the state court's decisions include dual grounds and it is clear that one of the grounds was untimeliness of the petition, both aspects of the decisions must be respected. Accordingly, an untimely petition is not properly filed even if the court also addresses the merits of the claims. *See Gray*, 305 F.3d at 779.

Allen also argues that the denial of the state court petition based on untimeliness should not constitute an improper filing under § 2244(d)(2). However, the Seventh Circuit has expressly held that a state court post-conviction that is denied on grounds of untimeliness is not properly filed under § 2244(d)(2), and the applicable statute of limitations is not tolled. *See Gray*, 305 F.3d at 779. Accordingly, Allen's post-conviction petition was not properly filed and does not toll the applicable statute of limitations. *See Gray*, 305 F.3d at 779. Furthermore, Allen's subsequent post-conviction filings do not toll the statute of limitations because they were not filed until June 5, 2000, well after the December 29, 1998 time limit.

In his response to the Government's Motion to Dismiss, Allen argues that he can show cause why his habeas petition should not be dismissed as untimely or that the one-year limitation period should be equitably tolled.

The federal habeas petition's one-year limitation period is not jurisdictional and, therefore, is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). However, equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcsello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Allen contends that his state post-conviction was timely filed because it was actually filed on March 16, 1998.

The April 20, 1998 filing was titled an amended post-conviction petition. Allen provides a Notice and Proof of Service for a Petition for Post-Conviction Relief, which is dated and notarized March 16, 1998. Allen's Outgoing Legal Mail Card also indicates that prison officials documented legal mail being sent to State's Attorney's Office of Criminal Appeals and the Clerk of the Circuit

Court. The appellate court noted that the April 20, 1998 petition was titled an amended petition for post-conviction relief but also indicated that no March 16, 1998 petition was received by the court or the State's Attorney and that the March 16, 1998 petition was not file-stamped as received by the clerk's office and was not a legitimate part of the appeal.

Allen's response also contains copies of letters from the State Appellate Defender dated December 21 and 23, 1998, seeking copies of the March 16, 1998 petition allegedly filed by Allen. Allen also presents a letter to the Cook County Clerk dated April 13, 1998, in which Allen advises the court that he intended the issues in the "amended" petition to be added to those issues filed on March 16, 1998. Allen's response does not contain a copy of the March 16, 1998 petition.

Based on the above facts, it is unclear whether Allen actually filed a petition for post-conviction relief on March 16, 1998. However, even if the Court found that a petition for post-conviction relief had been filed on March 16, 1998, such petition would still be untimely.

The Illinois Post Conviction Hearing Act ("Act") provides that no proceedings under the Act "shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed ... or 3 years from the date of conviction, *whichever is sooner*...." 725 ILCS 5/122-1(c) (emphasis added). In this case, Allen was convicted in August 1994, which, under the Act, allows Allen until August 1997 to file any post-conviction petition. Allen's petition for leave to appeal was denied by the Illinois Supreme Court on September 1, 1997, which, under the Act, would allow a filing before April 1, 1998. However, August 1997 is sooner than April 1, 1998. Pursuant to the Act, any petition for post-conviction relief was required to be filed before August 1997. Accordingly, Allen's petition was untimely.

Allen next argues that the trial court is only authorized to dismiss a post-conviction petition

as patently frivolous and without merit and not as untimely pursuant to the Illinois Supreme Court ruling in *People v. Boclair*, __ Ill. 2d __ (2002), 2002 WL 1988152 (Ill. Sup. Ct. Aug. 29, 2002)). However, the *Boclair* decision does not change the result of the instant case because *Boclair* did not rule on whether a post-conviction petition was properly filed but whether a court can *sua sponte* dismiss an untimely post-conviction petition. Furthermore, *Boclair* is not retroactive and cannot serve to help Allen's equitable tolling argument. *See People v. Britt-El*, __ Ill. 2d __ (2002), (2002 WL 1988167 (Ill. Sup. Ct. Aug. 29, 2002)).

Allen contends that he did not become aware that the court had not received his March 16, 1998 petition and that his post-conviction petition was denied as untimely until December 28, 1998, only one day before his habeas petition was due to be filed in this court. Allen argues that, because he learned of the denial of the post-conviction petition so late in the process, the one-year limitation should be tolled.

Allen's argument is without merit. Assuming that Allen did not receive notice that his post-conviction was denied as untimely until December 28, 1998, and that Allen was unable to file the habeas petition within the one day remaining to file such petition, Allen fails to present any extraordinary circumstances that prevented him from filing his habeas petition until October 2002, almost three years after he was informed that his post-conviction petition was denied as untimely.

Lastly, Allen argues that a fundamental miscarriage of justice will occur unless this Court reviews his claims on the merits under "the 'actual innocence gateway' of *Schlup*". Respondent did not argue, and this Court did not find that, Allen's arguments were procedurally defaulted; therefore, the rule of *Schlup v. Delo*, 513 U.S. 298 (1995) does not apply.

## CONCLUSION

For the reasons stated above, Allen's habeas petition was not filed within the applicable statute of limitations. Furthermore, Allen has not established cause to excuse his untimely petition. Accordingly, Allen's habeas petition is dismissed as untimely.

Dated: March 21, 2003

JOHN W. DARRAH
United States District Judge