Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7629 | **DATE** | 10/8/2003 |
| **CASE TITLE** | Allen vs. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, petitioner's motion for reconsideration of the 3/24/03 order is denied [24-1]. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 9 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 32 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 OCT -9 PM 2:17 | date mailed notice | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHAN T. ALLEN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KENNETH BRILEY, Warden, ) <br> ) <br> Respondent. ) | No. 02 C 7629 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On October 22, 2002, Petitioner, Marshan T. Allen, filed a writ of habeas corpus against the Stateville Correctional Center Warden, Kenneth Briley ("Respondent"), pursuant to 28 U.S.C. § 2254. On March 31, 2003, this Court dismissed the Petition as untimely. Subsequently, Allen filed a Motion for Reconsideration. The motion has been fully briefed, and the Court has been provided the trial court record.

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (*Cosgrove*). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion.

*Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

In his Motion to Reconsider, Allen contends that this Court should excuse his untimely Petition on the merits under the fundamental miscarriage of justice exception, also known as the "actual innocence" exception. Previously, the Court did not address this issue because Allen did not argue that his claims were procedurally defaulted. Allen argues that the exception not only applies to procedurally defaulted claims but also to excuse untimely petitions. This argument was not addressed in the previous disposition because it was not clear that Allen was making such an argument. Because the argument was arguably within Allen's previous response to the Motion to Dismiss and it was not addressed by the Court, the Court will review the merits of the argument.

Allen concedes that the Seventh Circuit has not addressed the question of whether the "actual innocence" exception applies to both procedurally defaulted claims and to excuse untimely petitions. Allen identifies case law in which the actual innocence exception was applied to untimely petitions. *See e.g., Castro v. Schomig*, 2001 WL 864266 (N.D. Ill. July 31, 2001) (assuming, without deciding, that the fundamental miscarriage of justice exception applies to untimely petition); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2nd Cir. 2000) (finding serious constitutional questions could arise if courts failed to consider the exception).

Assuming that the fundamental miscarriage of justice exception applies to Allen's Petition, Allen's Petition does not raise allegations sufficient to invoke the exception. In order to demonstrate a fundamental miscarriage of justice, a petition must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). To demonstrate actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *See*

*Schlup v. Delo*, 513 U.S. 298, 327 (1995) (*Schlup*). This determination is made by reviewing all of the evidence, including the evidence allegedly illegally admitted (but with due regard to the unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial. *See Schlup*, 513 U.S. at 328. Without new evidence of innocence, even a meritorious constitutional claim is insufficient to allow a habeas court to reach the merits of a defaulted claim. *See Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (*Bell*). Because the district court must consider the credibility of the petitioner's new evidence, the district makes factual findings. *See Bell*, 267 F.3d at 552.

Allen's "new evidence" that he claims supports his actual innocence claim includes statements by Horance Chandler, Morticia Vaughn, and Darnell Dixon. However, the statements of Horance Chandler and Morticia Vaughn and the information within such statements were available at Allen's trial. Accordingly, they are not new evidence. Furthermore, the self-serving affidavit of Darnell Dixon, a convicted co-defendant of Allen, that the statements in Allen's confession are not true, is not credible and fails to demonstrate Allen's actual innocence. Furthermore, even assuming that Chandler's, Vaughn's, and Dixon's statements constitute "new evidence", such new evidence fails to demonstrate Allen's actual innocence in light of the trial record that has been fully reviewed by the Court.

Allen's remaining arguments attack the legality of his statement (confession) that was used at trial. The legality of the statement was fully adjudicated in the circuit court. Allen's argument pertaining to the legality of the statement goes to "legal innocence" not "actual innocence". *See Boyer v. United States*, 55 F.3d 296, 300 (7th Cir. 1995) (claims of legal innocence have no relevance when determining if a miscarriage of justice has occurred). Accordingly, Allen has failed

to demonstrate that a constitutional violation has probably resulted in the conviction of one who is actually innocent.

Allen also argues that he can show cause for his failure to timely file his post-conviction petitions. These arguments were fully addressed in the Court's previous order and will not be reconsidered by the Court. *See Cosgrove*, 150 F.3d at 732 (motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law).

For the reasons stated above, Allen's Motion to Reconsider is denied.

Dated: October 7, 2003

JOHN W. DARRAH
United States District Judge